By the Court,
Wood, Judge.
This assignment is controlled by the act amendatory to the act of 1835, directing the mode of proceeding in Chancery, 33 O. L. 13. This act provides that all assignments of property made by debtors to trustees in consideration of insolvency, and with design to secure one class of creditors and defraud others, shall enure to the benefit of all. We hold, in this class of cases, that, *91 although the fraudulent intent is confined exclusively to the grantor, the conveyance is void as to the preference created. This interpretation, we think, conforms both to the letter and the spirit of the act.
A different construction has been put, at Westminster, upon the-statutes 13th and 27th of Elizabeth, and in Ohio, upon the statutes to prevent fraud and perjuries. Burget v. Burget, 5 Ohio, 469. Under these statutes it has been holden, that to avoid a conveyance made to defraud creditors, both the grantor and the grantee must be partakers-of the fraud, or tainted with the fraudulent intent. But here the cestuis que trust are not parties to the assignment, although made for their benefit. Their assent is not essential to its validity. The-trustee, in this ease, has a naked legal interest, with no substantial advantage to himself from its execution, and in such cases, it could not have been the intention of the law that he should also participate-in the fraud, to avoid the assignment.
The ease is remanded for further proof as to the fraudulent intent.